UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

----------------------------------------------------------------------X
DONALD BANGS, 22-B-4591,

Plaintiff,

-against-

**ORDER**
23-CV-2619(JMA)(JMW)

WARDEN OF THE SUFFOLK COUNTY JAIL, ALL MEDICAL STAFF INVOLVED SUFFOLK COUNTY JAIL (DOCTORS, NURSES, PHYSICIANS ASST.),

Defendants.
----------------------------------------------------------------------X
**AZRACK, District Judge:**

Before the Court is the civil rights complaint filed by incarcerated *pro se* plaintiff Donald Bangs ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Warden of the Suffolk County Jail ("Warden") and "All Medical Staff Involved Suffolk County Jail (Doctors, Nurses, Physicians Asst.)" ("Medical Staff" and together with the Warden, "Defendants"). (ECF No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") and the required Prisoner Litigation Authorization form ("PLA"). (ECF Nos. 2, 9.) Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, for the reasons that follow, the Court grants Plaintiff's IFP application and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## I. BACKGROUND[1]

Plaintiff's brief, handwritten complaint is brought pursuant to Section 1983 and alleges that, on August 16, 2021, while he was a pre-trial detainee at the Suffolk County Correctional Facility (the "Jail"), he was injured after falling in recreation yard #1 while jogging. (Compl., ECF No. 1 at 4.) Plaintiff alleges that the pavement was uneven and, as a result of the fall, he suffered "severe" injuries to his knee and back. (*Id.*) According to the complaint, Plaintiff was treated for his injuries and had surgery to replace his meniscus and to repair torn cartilage. (*Id.*) Plaintiff complains that he is "still in constant pain," walks with a limp, and has "an extremely ugly scar" that is approximately one foot long. (*Id.*)

As a result, Plaintiff alleges that the Jail was negligent by failing to fix the "pavement after being told multiple times by multiple people, including employees and nursing staff, that this deformed pavement would eventually and has caused serious injuries." (*Id.*) In addition, Plaintiff alleges "medical negligence in which I was not properly treated due to injuries." (*Id*. at 5.) For relief, Plaintiff seeks to recover a damages award in the sum of $1 million. (*Id.*)

## II. DISCUSSION

### A. ***In Forma Pauperis* Application**

Upon review of Plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.

---

[1]All material allegations in the complaint are assumed to be true for the purpose of this Order, *see, e.g., Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

**B. <u>Standard of Review</u>**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

**C. <u>Section 1983</u>**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.; see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

**1. Personal Involvement**

In an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of each defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names the Warden as a defendant, there are no factual allegations of conduct or inaction attributable to him. Further, Plaintiff generally names Medical Staff without any allegations of wrongdoing by any of these individuals. Indeed, apart from the caption and at page two of the complaint where Plaintiff identifies the parties, none of the Defendants are even mentioned in the body of the complaint. (*See* Compl., ECF No. 1, *in toto*.) Affording the *pro se* complaint a liberal construction, Plaintiff has not plausibly alleged personal involvement.

The mere fact that the Warden holds a supervisory position is insufficient to allege personal involvement in a constitutional violation. Indeed, in *Tangreti v. Bachmann*, the Second Circuit made clear that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Therefore, Plaintiff's claims against the Defendants are implausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(i)-(ii), 1915A(b)(1).

**2. Deliberate Indifference Claims**

The Court construes Plaintiff's allegations to assert that the Defendants were deliberately

indifferent to: (1) the conditions of Plaintiff's confinement that posed a serious threat to his health or safety; and (2) Plaintiff's need for adequate medical care. Given that Plaintiff alleges that he was a pretrial detainee at the time the events are alleged to have occurred (*see* Compl., ECF No. 1, ¶ II at 2), his deliberate indifference claims arise under the Fourteenth Amendment. *See*, *e.g.*, *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment[.]"); *Murrell v. Sheron*, No. 21-CV-6576, 2023 WL 1970487, at *5 (W.D.N.Y. Feb. 13, 2023) ("[T]he Fourteenth Amendment's Due Process Clause [] protects pretrial detainees from inadequate medical care. . . .") (internal citation and quotation marks omitted).

**a. Conditions of Confinement Claim**

To state a Fourteenth Amendment claim under Section 1983 arising from a pretrial detainee's conditions of confinement, "a plaintiff must satisfy both an objective prong and a subjective prong." *Allen v. Stringer*, No. 20-CV-3953, 2021 WL 4472667 (2d Cir. Sept. 30, 2021) (citing *Darnell*, 849 F.3d at 29). "The objective prong requires 'showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process,' while the subjective prong requires 'showing that [an] officer acted with at least deliberate indifference to the challenged conditions.'" *Allen*, 2021 WL 4472667 at 1 (quoting *Darnell*, 849 F. 3d at 29 (internal quotation marks omitted). Where, like here, "a conditions-of-confinement claim is predicated on an unsafe condition, a court will analyze 'whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" *Allen*, 2021 WL 4472667 (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). The Court considers whether the challenged condition was "inherently dangerous" from the perspective of a reasonable officer on the scene, and "hindsight

cannot inform [the] analysis." *Holder v. Wright*, No. 3:19-CV-782, 2021 WL 3374732, at *3 (D. Conn. Aug. 3, 2021), *appeal dismissed* (Aug. 23, 2022) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("A court must make this determination [on objective reasonableness] from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.")).

"A commonplace slip and fall [] may be actionable in a tort claim for negligence under state law, but without allegations showing a correctional official's 'deliberate indifference to the consequences of his conduct for those under his control and dependent upon him,' *Morales v. N.Y.S. Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988), such an event is not ordinarily the basis for a claim of a federal constitutional violation under Section 1983." *Garland v. City of New York*, No. 22-CV-10947, 2023 WL 2898625, at *3 (S.D.N.Y. Apr. 10, 2023) (citing *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence."); *see also Feliz v. Westchester Dep't of Corr. (Valhalla)*, No. 20-CV-6392, 2020 WL 5096005, at *4 (S.D.N.Y. Aug. 27, 2020) (citing *Seymore v. Dep't of Corr. Servs.*, No. 11-CV-2254, 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) ("The allegations are insufficient to allege plausibly [a conditions-of-confinement claim] because the plaintiff has, at most, alleged that various defendants were negligent in failing to correct conditions, not that any defendant obdurately and wantonly refused to remedy a specific risk to the plaintiff.")).

Here, even if Plaintiff's allegation that he tripped and fell over uneven pavement while jogging might state a negligence claim, he has not plausibly alleged that prison officials acted with deliberate indifference to the challenged condition. Although Plaintiff alleges that fell and was injured, uneven pavement, as alleged, is not objectively inherently dangerous. Plaintiff's claim is a run-of-the-mill slip-and-fall claim, which, at most, would give rise to a negligence claim under

state law. *Feliz,* 2020 WL 5096005, at *4 (citing *Seymore*, 2014 WL 641428, at *4 (characterizing plaintiff's allegations concerning a slip-and-fall caused by unsafe conditions as "ordinary torts that do not rise to the level of constitutional deprivations"); *see also Gutierrez-Pinto v. Annucci*, No. 20-CV-4490, 2022 WL 523628, at *5 (S.D.N.Y. Feb. 22, 2022) (courts in this Circuit routinely find that an accident, even if arising from a risky condition, does not rise to the level of a sufficiently serious deprivation) (collecting cases). Accordingly, Plaintiff's Section 1983 claim challenging the constitutionality of the conditions of his confinement is not plausible and is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii), 1915A(b).

**b. Inadequate Medical Care Claim**

To state a Fourteenth Amendment claim for deliberate indifference to medical needs, a detainee "must meet two requirements: (1) that Plaintiff[ ] had a serious medical need . . . , and (2) that the Defendants acted with deliberate indifference to such needs." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); and *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). A detainee's medical need is "sufficiently serious" where it "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86 (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). To satisfy the deliberate indifference requirement, a pretrial detainee "can allege either that the defendants knew [or that they should have known] that failing to provide the complained of medical treatment would pose a substantial risk to his health." *Charles*, 925 F.3d at 87.

Here, even if Plaintiff had alleged a Defendant's personal involvement, Plaintiff's sparse allegations do not satisfy either prong of a plausible deliberate indifference to medical needs claim. Plaintiff's conclusory allegation that "I was not properly treated due to injuries" is insufficient

given that the Second Circuit has made clear that "mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703. "Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred." *Sonds v. St. Barnabas Hosp. Corr. Health Servs*., 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (citing *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986)). Here, Plaintiff admits that his injury was treated and he underwent knee surgery. Further, even if Plaintiff's allegation of "constant pain" rendered his medical condition "sufficiently serious", wholly absent are any allegations suggesting that any Defendant acted with the requisite state of mind. Thus, Plaintiff has not alleged a plausible Section 1983 claim arising from the medical treatment received following his fall and such claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

**3. Negligence Claim**

Even if Plaintiff had properly alleged the personal involvement of each Defendant, it is clear that his slip and fall claim does not implicate a constitutional deprivation. Plaintiff claims that he tripped on uneven pavement in the recreation yard and fell. (Compl., ECF No. 1 at 4.) At best, Plaintiff has alleged a negligence claim. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (negligence claims do not rise to the level of a constitutional violation); *Diaz v. Hurdle*, No. 3:20-CV-1720, 2022 WL 4467024, at *3 (D. Conn. Sept. 26, 2022) ("Negligence is not actionable under section 1983"); *Eley v. New York City Transit Auth.*, 14-CV-6886, 2014 WL 6983452, at *2 (E.D.N.Y. Dec. 10, 2014) (holding that a slip-and-fall personal injury claim arises under state law); *Powers v. Gipson*, 04-CV-6883L, 2004 WL 2123490, at *2 (W.D.N.Y. Sept. 14, 2004) (*sua sponte* dismissing *in forma pauperis* complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent in failing to clean up

the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983"). Plaintiff's complaint fails to allege any plausible federal claims.[2]

**4. Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a *pro se* plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." *Boddie v. N.Y. State Div. of Parole*, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting *Frazier v. Coughlin*, 850 F.2d 129, 130 (2d Cir. 1988)). However, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Id.* (citation omitted).

The Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. In light of Plaintiff's *pro se* status, the Court grants him leave to amend the complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 23-CV-2619 (JMA)(JMW), and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original complaint, so Plaintiff must include all allegations he wishes to pursue against each Defendant named in the amended complaint. Further, if Plaintiff

[2] As explained below, the Court is granting Plaintiff an opportunity to file an amended complaint. Accordingly, the Court declines to address the validity of any potential state-law claims at this juncture. If Plaintiff fails to file an amended complaint in accordance with this Order, or files an amended complaint that does not raise any plausible federal claims, the Court will, at that time, decline to exercise supplemental jurisdiction over any state-law claims and dismiss any such state law claims without prejudice.

does not file an amended complaint within thirty (30) days, all of Plaintiff's federal claims will be dismissed with prejudice, any remaining state law claims will be dismissed without prejudice, judgment shall enter, and this case shall be closed.

## III. CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed *in forma pauperis* is granted. However, Plaintiff's Section 1983 claims are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim for relief. Plaintiff is also granted leave to file an amended complaint within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address and note such mailing on the docket.

**SO ORDERED.**

Dated: June 9, 2023
Central Islip, New York

_______/s/ (JMA)______________
Joan M. Azrack
United States District Judge